UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **08-CV-60987-Hurley-Hopkins**

VADIM RAIKHELSON,

      Plaintiff,

vs.

DUNCAN FOSTER, in his official capacity as
the Chief of Police, Coral Springs, Florida,
CITY OF CORAL SPRINGS, FLORIDA,
JON G. WILKINSON, and EDITH VRCHOTA,

      Defendants.

_____/

```
FILED by   VT   D.C.
ELECTRONIC

JUNE 27, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI
```

## **COMPLAINT**

1.      This is a Civil action for damages and injunctive relief under 42 U.S.C §1983; 42 U.S.C. §1985; 42 U.S.C. §1986; 42 U.S.C. §1988(b), and the common law of the State of Florida, arising out of premeditated police misconduct, which resulted in charges brought and maintained against Plaintiff, VADIM RAIKHELSON.

2.      From October 13, 2004, the date of the arrest, through a plea bargain being entered into between the State of Florida and the Plaintiff, the Defendants, individually and in concert, maliciously conspired to bring charges of vehicular homicide against Plaintiff. Defendants knew that these charges were completely and utterly unsupported by probable cause, and a total fabrication by an over zealous Police Department. The charges were contradicted by physical evidence, documentary evidence, and other witnesses. In their rush to accuse, Defendants willfully ignored and were deliberately indifferent to overwhelming evidence of Plaintiff's innocence.

-1-

3.      Defendants used inconsistent and demonstratively false allegations to arrest and charge the Plaintiff.

4.      Defendants actions evidenced a reckless and callous disregard for the deliberate indifference to Plaintiff's constitutional rights and the Defendant's responsibilities to the criminal justice system.

5.      As a result of the Defendant's actions, Plaintiff has suffered deprivations of the rights guaranteed to him under the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Florida, and he has suffered economic and emotional harm, has suffered irreparable harm to his reputation, and has incurred over $100,000.00 in legal fees defending himself against criminal prosecution that the Defendants knew or should have known was unfounded..

6.      The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court in and for the Southern District of Florida.

7.      Furthermore, an additional pendent claim under the laws of the State of Florida is brought for negligence.

8.      All conditions precedent under Florida law for the filing of this lawsuit have occurred, been satisfied or have been waived.

9.      Plaintiff seeks an award of damages for permanent, mental and emotional injuries, loss of earning capacity, loss of enjoyment of life, punitive damages, court costs, and attorneys fees.

## **PARTIES**

10.      The Plaintiff, VADIM RAIKHELSON, is a resident of Boca Raton, Florida, is over the age of eighteen years, and is otherwise sui juris.

-2-

11.     The Defendant, City of Coral Springs, Florida, is a municipal corporation formed under the laws of the State of Florida. Upon information and belief, the City of Coral Springs has purchased liability insurance and/or participates in a municipal risk pooling scheme sufficient to waive its immunity against civil liability.

12.     Defendant, DUNCAN FOSTER, is the Chief of Police for Coral Springs Department. Said Defendant is responsible as Chief, for the conduct of the deputies in his employ and ensuring that his deputies, employees, servants, and agents obey the laws of the State of Florida and the United States. Defendant, FOSTER, is being sued in his official capacity.

13.     The City of Coral Springs operates the Coral Springs Police Department, which is the city department having law enforcement authority in the City of Coral Springs.

14.     The Defendant, JON G. WILKINSON, is and was, at all times relevant to this action, the Officer responsible for the investigative services of the Coral Springs Police Department. In that capacity, WILKINSON served in a supervisory and/or policy making role for the Coral Springs Police Department. Upon information and belief, WILKINSON is and has been at all times relevant to this action, a citizen and resident of the State of Florida. Officer WILKINSON was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or Coral Springs, Florida. Defendant, WILKINSON, is being sued in his individual capacity.

15.     Defendant, EDITH VRCHOTA, is and was at all times relevant to this action, an Officer employed by the Coral Springs Police Department. Upon information and belief, VRCHOTA is and has been at all times relevant to this action, a citizen and resident of the State of Florida. Officer VRCHOTA was acting under the color of law, to wit, under color of the statutes,

-3-

ordinances, regulations, policies, customs, and usages of the State of Florida and/or Coral Springs, Florida. Defendant, VRCHOTA, is being sued in her individual capacity.

## JURISDICTION AND VENUE

16.    This action arises under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of Florida, 42 U.S.C §1983; 42 U.S.C. §1985; 42 U.S.C. §1986; 42 U.S.C. §1988(b), and Florida Law.

17.    This Court has original jurisdiction over Plaintiff's constitutional and federal law claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a).

18.    This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. §1367(a) because they are part of the same case and controversy described by Plaintiff's Federal claims, and independent original jurisdiction over Plaintiff's State Law claims as the matter in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

19.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b)(1), (2), and (3), because most or all of the Defendants reside and may be found in the Southern District of Florida and the events giving rise to these claims occurred in the Southern District of Florida.

## FACTUAL ALLEGATIONS

20.    On or about October 13, 2004, Richard Princiotta was driving his 2004 Pontiac Grand Prix along with his passenger James Peglow at the 3700 block of Wilderness Way in Coral Springs, Florida. The vehicle was northbound at a high rate of speed at approximately 9:30 a.m. when the driver lost control of the vehicle and went off the right side of the roadway striking a tree.

-4-

The driver and his passenger died at the scene.

21.     Upon information and belief, both Princiotta and Peglo were frequent drug users and known drug dealers in the community and were under the influence of alcohol and/or drugs before and during the accident.

22.     In October, 2004 the responsibility for investigating the crash was assigned to JON G. WILKINSON and Officer EDITH VRCHOTA of the Coral Springs Police Department.

23.     At all times material, Plaintiff, RAIKHELSON, offered whatever assistance he could to assist the detectives in their investigation and in fact, gave a statement at the scene of the accident.

24.     Despite the fact that Officer VRCHOTA was an alleged "witness" to the occurrence, she was requested to serve as a supervisory capacity and investigated the accident.

25.     When interviewing RAIKHELSON, he did not ask to speak with an attorney or otherwise demonstrate any reluctance to cooperate in the investigation.  He was at all times cooperative, truthful, and declined counsel in an effort to assist in what the officer represented was an honest pursuit of the truth.

26.     On or about October 13, 2004 RAIKHELSON  and his friend, Jerri Piersante went to a Checkers fast food restaurant in Coral Springs to obtain a rental vehicle in the possession of Peglow and Princiotta rented under the name of Jerri Piersante.

27.     After a brief verbal altercation, Peglow and Princiotta fled the area at a great rate of speed leaving the vehicle behind.

28.     RAIKHELSON and Piersante left the Checkers to drive to the Enterprise Leasing Company to arrange to have the rental vehicle returned.  The vehicle operated by Peglow and Piersante was observed by VRCHOTA, several police officers and civilian witnesses to be traveling at a high rate of speed.  Neither , WILKINSON, VRCHOTA  or any other officer observed the

vehicle driven by RAIKHELSON  violating any traffic rules or regulations.

29.     Despite attempting to follow the Plaintiff for the purpose of observing traffic infractions, there is no record of same.

30.     Defendant VRCHOTA and WILKINSON  knew that the Plaintiff had violated no traffic infractions and was not the cause of any vehicular homicide.  In spite of this knowledge, Defendant, WILKINSON arrested the Plaintiff and charged him with vehicular homicide.

31.     As a seasoned member of the Coral Springs Police Department, WILKINSON was required to include all occurrences, facts, elements of the crime, time and witnesses in the probable cause Affidavit.  In fact, the probable cause affidavit was fabricated so as to make RAIKHELON appear to be a contributing cause to the deaths of Peglow and Princiotta.

32.     Said Affidavit failed to disclose that there were numerous witnesses that testified that Plaintiff was not speeding and that Plaintiff was not observed for any traffic violations. Additionally, the probable cause affidavit was filed without first obtaining the drug and alcohol reports which would have clearly shown that Princiotta and Peglow were both under the influence of drugs and alcohol.

33.     Defendants, WILKINSON and VRCHOTA, in targeting the Plaintiff, knew that their \supervisors would not question the failure or report all the favorable witnesses to the Plaintiff.  In fact, WILKINSON made false representations during his investigation and during testimony and failed to produce critical time and phone records and knowlingly made false representations in depositions under oath.

34.     That the Probable Cause Affidavit concerning the arrest of the Plaintiff was reviewed by WILKINSON's supervisors.  These supervisors knew or should have known  that the Princiotti and Peglow were known drug traffickers, supervisory Defendants made no attempt to question

-6-

Officer WILKINSON or VRCHOTA.  Defendants knew or should have known that the arrest was of a spurious nature.

35.     Notwithstanding Defendants VRCHOTA and WILKINSON's responsibility to ensure there was a valid legal basis to continue the prosecution of the Plaintiff, VADIM RAIKHELSON, they failed to adequately inform themselves of the facts and failed to withdraw the obvious bogus charges against the Plaintiff.

36.     Upon information and belief that an independent investigation in the Coral Springs Police Department resulted in disciplinary actions against Defendant, WILKINSON.

37.     The investigation is an attempt on the part of the policy makers of the Coral Springs Police Department to absolve the Police Department from responsibility for the conduct of Defendant WILKINSON.

38.     Based solely on the false representations of Defendant, WILKINSON and VRCHOTA, acting in their capacity as a duly appointed Police Officers for Coral Springs, the Plaintiff was arrested and charged in Broward County, Florida with vehicular homicide.  As a result of being falsely charged, the Plaintiff was arrested, jailed, required to post bond, and forced to incur legal fees and costs associated with the defense of his criminal case in excess of One Hundred Thousand Dollars.

39.     At no time during the events described above had the Plaintiff committed any criminal offense.

40      Defendants, WILKINSON or VRCHOTA had no probable cause to arrest the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

41.     The Defendants failure to properly train, supervise, and administer the agencies' policy regarding arrest by members of its force was the proximate cause of the deprivation of rights

-7-

suffered by Plaintiff, RAIKHELSON.

42.     The wrongful acts of the Defendants, WILKINSON and VRCHOTA, constitute false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress and unlawful search and seizure under the laws of the State of Florida.

43.     Defendant, FOSTER, has a duty to train, supervise, control and ensure that the officers under his control, do not violate the constitutional rights of persons such as Plaintiff.

44.     Defendant, FOSTER, abdicated his policy making and oversight responsibilities, thereby allowing the coverup of the incident in question to occur.

45.     The above acts and omissions of the Defendants constitute a course of conduct for failure to act amounting to deliberate indifference to the rights, health, safety, and welfare of the Plaintiff and those similarly situated resulting in the deprivation of the Plaintiffs constitutional rights under State and Federal law.

46.     As a direct and proximate result of the acts of the Defendants, Plaintiff, RAIKHELSON, suffered the following injuries or damages:

  a.     Violation of his constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

  b.      Loss of physical liberty;

  c.     Loss of earning capacity;

  d.     Permanent emotional injuries;

  e.     Humiliation and embarrassment; and

  f.     Damage to his reputation, all of which continue to this day and are likely to continue in the future; and

  g.     Costs incurred defending his criminal charges.

47.     On or about October 11, 2005, almost a year after the alleged crash, WILKERSON executed a Complaint Affidavit and charged the Plaintiff with vehicular homicide in violation of Florida Statute 782.071.

48.     WILKINSON obtained issued the Affidavit and warrant for arrest in order to deprive Plaintiff of his civil rights and in an effort to bolster his reputation as an investigator with the Coral Springs Police Department.

49.     The Defendant, WILKINSON, knew or should have known of the "victim's" history of drug and alcohol abuse.  Despite this fact, he failed or refused to obtain any testing from the victims.

### COUNT I
### 42 U.S.C. §1983 CLAIM - FALSE ARREST AND IMPRISONMENT
### CLAIM AGAINST DEFENDANT, WILKINSON

50.     Plaintiff realleges paragraphs 1 through 49 as if fully set forth herein.

51.     Defendant, WILKINSON, illegally arrested and illegally imprisoned the Plaintiff, VADIM RAIKHELSON.

52.     The arrest and detention of the Plaintiff was without probable cause, and in violation of its constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

53.     42 U.S.C. §1983 provides a remedy for violation of these rights.

54.     As a direct and proximate result of the violation of the Plaintiff, VADIM RAIKHELSON's constitutional rights by Defendant, JON G. WILKINSON, said Plaintiff suffered damages including loss earning capacity, past, present, and future emotional injuries, embarrassment and humiliation, and damage to his reputation which exists to this day and will continue in the

-9-

future.

WHEREFORE, VADIM RAIKHELSON, demands compensatory and punitive damages against Defendant, JON G. WILKINSON, attorneys fees, costs, and trial by jury for all issues so triable by right.

**COUNT II**
**42 U.S.C. §1983 - MALICIOUS PROSECUTION CLAIM**
**AGAINST DEFENDANT, WILKINSON**

55.     The Plaintiff, VADIM RAIKHELSON, realleges paragraphs 1 through 49 as if fully set forth herein.

56.     The prosecution of the Plaintiff was without probable cause, and in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

57.     Defendant, WILKINSON, caused a prosecution to be instituted against the Plaintiff on several charges in Broward County.

58.     The prosecution by the State Attorney's office in Broward County required that the Plaintiff appear in Court at the State's command, causing the Plaintiff to remain effectively "seized" during the pendency of the prosecution.

59.     Said prosecution was instituted by Defendant, WILKINSON, without probable cause as the facts observed by WILKINSON prior to arresting the Plaintiff, and the matters known to him at the time he instituted the prosecution, would not have warranted a reasonable law enforcement officer to believe that any criminal offense had been committed by the Plaintiff.

60.     Defendant, WILKINSON, acted under color of state law and with malice in instituting and continuing the prosecution, which is implied by the lack of probable cause in the underlying arrest, as well as the reckless disregard for the rights of the Plaintiff.  Defendant, WILKINSON, made false statements of fact in support of the prosecution.  No prosecution of the

-10-

Plaintiff would have occurred ut for the actions of this Defendant.

61.     The fact that the Plaintiff's prosecution became known to many persons as a result of being made part of the public records of Broward County and appearing on Court documents available to public scrutiny in said county.

62.     As a result of the actions of Defendant, WILKINSON, the Plaintiff suffered damages including loss of earning capacity, past, present, and future emotional injuries, embarrassment and humiliation, and damage to his reputation, all of which continue to this day and are likely to continue in the future.  He also incurred attorney fees and legal costs associated with the defense of the criminal case.

63.     42 U.S.C §1983 provides a remedy for violation of these rights.

WHEREFORE, the Plaintiff, VADIM RAIKHELSON, demands compensatory and punitive damages against Defendant, JON G. WILKINSON, attorneys fees, costs, and trial by jury for all issues so triable by right.

## COUNT III
### 42 U.S.C. §1983 - MALICIOUS PROSECUTION CLAIM
### AGAINST EDITH VRCHOTA

64.     The Plaintiff, VADIM RAIKHELSON, realleges paragraphs 1 through 49 as if fully set forth herein.

65.     The prosecution of the Plaintiff was without probable cause, and in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

66.     Defendant, VRCHOTA, caused a prosecution to be instituted against the Plaintiff on several charges in Broward County.

67.     The prosecution by the State Attorney's office in Broward County required that the

-11-

Plaintiff appear in Court at the State's command, causing the Plaintiff to remain effectively "seized" during the pendency of the prosecution.

68.     Said prosecution was instituted by Defendant, VRCHOTA, without probable cause as the facts observed by VRCHOTA prior to arresting the Plaintiff, and the matters known to him at the time he instituted the prosecution, would not have warranted a reasonable law enforcement officer to believe that nay criminal offense had been committed by the Plaintiff.

69.     Defendant, VRCHOTA, acted under color of state law and with malice in instituting and continuing the prosecution, which is implied by the lack of probable cause in the underlying arrest, as well as the reckless disregard for the rights of the Plaintiff.  Defendant, VRCHOTA, made false statements of fact in support of the prosecution.  No prosecution of the Plaintiff would have occurred ut for the actions of this Defendant.

70.     The fact that the Plaintiff's prosecution became known to many persons as a result of being made part of the public records of Broward County and appearing on Court documents available to public scrutiny in said county.

71.     As a result of the actions of Defendant, VRCHOTA, the Plaintiff suffered damages including loss of earning capacity, past, present, and future emotional injuries, embarrassment and humiliation, and damage to his reputation, all of which continue to this day and are likely to continue in the future.  He also incurred attorney fees and legal costs associated with the defense of the criminal case.

72.     42 U.S.C §1983 provides a remedy for violation of these rights.

WHEREFORE, the Plaintiff, VADIM RAIKHELSON, demands compensatory and punitive

-12-

damages against Defendant, VRCHOTA, attorneys fees, costs, and trial by jury for all issues so triable by right.

## COUNT IV
## CLAIM OF NEGLIGENCE AGAINST DEFENDANT, DUNCAN FOSTER

73.     The Plaintiff, VADIM RAIKHELSON, realleges paragraphs 1 through 49.

74.     Defendant, FOSTER, was negligent in the selection, appointment, training, supervision and retention of Defendants, WILKINSON and VRCHOTA, as members of the Coral Springs Police Department in that:

    a.    He appointed said Defendants as officers when he knew, or in the exercise of reasonable care should have known of the disposition of said officers to engage in such unlawful conduct.

    b.    Despite the fact that he knew or should have known that this pattern of conduct was being carried out by her agents or employees, Defendants, WILKINSON and VRCHOTA, said Defendant had failed and refused to:

        1.    Remove Defendants, WILKINSON and VRCHOTA from their positions as Coral Springs Officers;

        2.    Take appropriate disciplinary action against said deputies;

        3.    Provide redress for citizens, such as the Plaintiff, who have been injured thereby.

75.     As a direct and proximate result of the Defendant's acts as related above, the Plaintiff has suffered damages, including loss of capacity, past, present, and future emotional injuries, embarrassment and humiliation, and damage to his reputation, all of which continue to this day and are likely to continue in the future. He has also incurred attorneys fees and legal costs associated with the defense of the criminal case.

WHEREFORE, Plaintiff demands compensatory damages against Defendant, DUNCAN FOSTER, costs, and trial by jury for all issues so triable by right.

-13-

## COUNT V
## 42 U.S.C. §1983 CLAIM AGAINST - DEFENDANT, FOSTER

76.     Plaintiff, VADIM RAIKHELSON, realleges paragraphs 1 through 49 as if fully set forth herein.

77.     Defendant, DUNCAN FOSTER, as the Chief of Police for Coral Springs, was charged with the responsibility of hiring, screening, training, supervising, controlling, disciplining, and controlling officers in the Coral Springs Police Department.

78.     Defendant, FOSTER, was deliberately indifferent in that either he expressly or impliedly acknowledged and assented to the failure to train and/or supervise and/or control and/or otherwise screen employees of the Coral Springs Police Department including, but not limited to, Defendants, WILKINSON and VRCHOTA for dangerous propensities, lack of training and/or skill or other characteristics making said officers unfit to perform their duties.

79.     Defendant, FOSTER, was deliberately indifferent to the rights of the public including the Plaintiff in that he failed to determine whether members of the Coral Springs Police Department, including Defendants, WILKINSON and VRCHOTA, posed a threat to the public as a result of the propensity to commit unlawful acts.

80.     Defendant, FOSTER, through his deliberate indifference, failed to ensure that officers of Coral Springs did not violate the constitutional and statutory rights of citizens of the State of Florida, including the Plaintiff, while said officers were acting under color of state law for the Coral Springs Police Department.

81.     Defendant, FOSTER, was deliberately indifferent in the selection and/or training and/or supervision and/or retention of Defendants, WILKINSON and VRCHOTA of the Coral

-14-

Springs Police Department.

82.     At all times material hereto the Defendant, FOSTER, as represented by the acts of his employees, permitted and tolerated and caused a pattern and practice of unjustified, unreasonable and illegal false arrests, detentions and/or prosecutions by officers of the Coral Springs Police Department of the Coral Springs Police Department against members of the public, including the Plaintiff, which violated their Fourth and Fourteenth Amendment rights.  Although such acts were improper, officers involved were not prosecuted, and/or disciplined and/or subjected to retraining, and some of said incidents were in fact covered up with official claims that their acts were justified and proper.

83.     As a result, Coral Springs Police Officers including WILKINSON and VRCHOTA, were encouraged to believe that members of the public could be subject to illegal arrests, detentions and/or prosecutions, and that said illegal arrests, detentions and/or prosecutions, would, in fact, be permitted by Defendant, FOSTER.

84.     The Coral Springs Police Department, through its Officers, maintained a custom of making unlawful arrests, detentions and/or prosecutions.

85.     The cited conduct represents a pattern in which citizens were injured or endangered by the intentional and/or reckless misconduct of the Coral Springs Police Department and/or that serious incompetence or misbehavior was widespread throughout the Coral Springs Police Department.

86.     Defendant, DUNCAN, maintained a system for the  review of incidents of abuse of lawful authority, such as, illegal and unlawful detentions and/or arrests and/or prosecutions, among other things, by officers, and complaints thereof, which had failed to identify the unlawful seizures

-15-

by officers, and to subject officers who employed such acts to appropriate discipline, and/or closer supervision and/or retraining, to the extent that it has become the de facto policy and custom of the Coral Springs Police Department to tolerate such acts by police officers.

87.    Defendant, DUNCAN, through the Coral Springs Police Department, has maintained a long standing widespread history of failure to properly hire and/or train and/or supervise and/or discipline his officers for, among other things, unlawful detentions and/or arrests and/or prosecutions, even though they had notice of this unlawful conduct by its employees.

88.    The foregoing acts, omissions, policies or customs of the Defendant, DUNCAN, caused officers, including Defendants, WILKINSON and VRCHOTA, to believe that acts such as unlawful seizures and/or detentions, and/or arrests and/or prosecutions, among other things, would not be properly investigated, with the foreseeable result that officers, including the Defendants, WILKINSON and VRCHOTA were more likely to make unlawful seizures and/or detentions and/or arrests and/or prosecutions.

89.    The Plaintiff, RAIKHELSON, has been a victim of said abuses of lawful authority, and said illegal acts were the direct result of the previously described acts, omissions, policies or customs of said Defendants.

90.    As a direct and proximate cause of the acts described above, the Plaintiff, RAIKHELSON, has suffered damages including loss of earning capacity, past, present, and future emotional injuries, embarrassment, and humiliation, damage to his reputation, all of which continue to this day and are likely to continue in the future.  He also incurred attorneys fees and legal costs associated with the defense of the criminal case.

91.    42 U.S.C. §1983 provides a remedy for violation of these rights.

WHEREFORE, the Plaintiff, RAIKHELSON, demands compensatory and punitive damages against Defendant, DUNCAN FOSTER, attorneys fees and costs and trial by jury for all issues so triable by right.

Dated this **27th** day of June, 2008.

s/

Barry S. Mittelberg, Esq.
Fla. Bar ID No. 396567
Attorney E-mail Address: bmittelberg@mnmlawfirm.com
Law Offices of Barry S. Mittelberg, P.A.
1700 N. University Drive, Suite 110
Coral Springs, Florida 33071
Telephone: (954) 752-1213
Facsimile: (954) 752-5299
Attorneys for Plaintiff

-17-

**JS 44** (Rev. 2/08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Vadim Raikhelson

**(b)** County of Residence of First Listed Plaintiff   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Barry S. Mittelberg, P.A.
1700 N. University Drive, Suite 110
Coral Springs, FL 33071 / 954-752-1213

### DEFENDANTS
Duncan Foster, City of Coral Springs, Jon G. Wilkinson, Edith Vrchota

County of Residence of First Listed Defendant   Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

0:08CV 60987- Hurley-Hopkins

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☑ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO

JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

42 U.S.C. Sec. 1983; 42 U.S.C. Sec. 1985; 42 U.S.C. Sec. 1986;42 U.S.C. Sec. 1988(b)

LENGTH OF TRIAL via 7 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE 6/27/08

**FOR OFFICE USE ONLY**

AMOUNT 350 00   RECEIPT # 543542   IFP